## DELLIBER *against* DELLIBER.

Cohabitation with the offending party, after the commission of adultery, with probable knowledge of the offence, is a remission of it, and a defence to a petition for divorce.

A conviction of the husband of adultery, is sufficient notice to the wife of his having committed that offence.

Therefore, where the husband had been convicted of adultery, and his wife afterwards lodged with him in prison, two or three nights, she knowing, at the time, of his having been thus convicted; and during those nights, she had sexual intercourse with him; it was held, 1. that she had probable knowledge of the offence; and 2. that these facts were a defence to a petition for divorce brought by her.

THIS was a petition for a divorce, brought by the wife against the husband, on the ground of adultery committed by him, on the 10th of *June*, 1828. The petitioner averred, that she had lived with him in the due performance of all the duties of the marriage covenant, on her part to be performed, until his imprisonment in the *Connecticut State Prison*, in *September*, 1828.

On the trial of the cause, at *Litchfield*, *February* term, 1832, before *Daggett*, J., the facts stated in the petition were found true. It was also found, on the part of the respondent, that the petitioner lodged two or three nights with him, in prison, after he was convicted of the crime of adultery, she knowing, at the time, of his having been thus convicted; and that during those nights, she had sexual intercourse with him. There was no proof of his having committed adultery after such intercourse.

The question whether, under these circumstances, she was entitled to a divorce, was reserved for the consideration of this Court.

*P. Miner*, for the petitioner, contended, 1. That it did not appear, that she had any knowledge of her husband's adultery, at the time of her intercourse with him. This should have been found as a fact; whereas the conviction is only *evidence* of it; and that might not be sufficient to induce *belief* in the mind of an unsuspecting wife.

2. That if she had reason to believe her husband's guilt, or if she had absolute knowledge of it, her subsequent intercourse was no bar to a divorce. She is entitled to this remedy, by the direct and positive provision of the legislature. *Stat.* 178. Can the court deprive her of it, for doing what it was her duty

*Litchfield,*
*June, 1832.*

Delliber
*v.*
Delliber.

to do, while the conjugal relation subsisted? In *New-York,* this defence is placed on the ground of *long acquiescence,* in analogy to the statutes of limitation. 1 *Johns. Chan. Rep.* 493.

*O. S. Seymour,* for the respondent, contended, 1. That cohabitation, after just grounds of belief that adultery has been committed, is a remission of the offence, so that a divorce for that cause will not be granted. 1 *Swift's Dig.* 21. 2 *Kent's Comm.* 84. *Williamson* v. *Williamson,* 1 *Johns. Chan. Rep.* 488. 492. *Anon.* 6 *Mass. Rep.* 147.

2. That the evidence, which the respondent had, of her husband's guilt, was of the most satisfactory nature.

DAGGETT, J. The question is, whether the petitioner is entitled to a divorce, under the circumstances of this case. It is understood, that in two instances judges at the circuit have denied a divorce under such circumstances; and Judge *Swift,* in his *Digest,* says: "Where the parties have cohabited, after a knowledge that one has committed adultery, this will be considered as passing an act of oblivion, and it will be no ground for a divorce." 1 *Swift's Dig.*21. Still, it is believed, the opinions of judges and lawyers have not been entirely settled, on this point. Hence it comes before this Court for decision. Our statute declares, " that the superior court *shall have power* to grant divorces to any man or woman, lawfully married, for adultery," &c. *Stat.* 178. *tit.* 24. *s.* 1. And again, in *sect.* 2. " on due proof of the facts, said court *may grant* a divorce." From the frame of the statute and the practice under it, the fact of adultery does not, *of course,* entitle the party to a divorce. The remedy by divorce, is a civil and private prosecution under the controul of the party aggrieved; and he may avail himself of it, or bar himself, by his own act. It is not like an indictment for a crime, which public justice requires should be prosecuted to conviction. If the husband or wife, subsequently to the adultery of the correlate, and after just grounds of belief in his or her guilt, cohabits, it is, in judgment of law, a *condonatio injuriæ,* a remission or pardon of the offence, and a bar to the divorce. The law deems it unfit, that after a lapse of time, and after possibly there are children, the fruit of the subsequent connexion, the question of the adultery of one of the parties, should be agitated.

*Litchfield,*
*June, 1832.*

Delliber
*v.*
Delliber.

This is the doctrine of the ecclesiastical courts in *England.* *Burn's Eccles. Law, tit.* Marriage. *sect.* 11. The same principle is recognized, by the supreme court of *Massachusetts ;* (*Anon.* 6 *Mass. Rep.* 147.) and by Chancellor *Kent. Williamson* v. *Williamson,* 1 *Johns. Chan Rep.* 488. 2 *Kent's Comm.* 85. The Chancellor says, " it is a general principle every where pervading this branch of jurisprudence." And Chief Justice *Parsons,* in giving the opinion of the court in *Massachusetts,* in the case cited, thus concludes a very learned opinion : " If therefore, a husband believing his wife's guilt, will afterwards cohabit with her, whether influenced by his compassion or his affection, or induced by her tears, her penitence or her fascinations, he cannot afterwards avail himself of that offence, to obtain a dissolution of the marriage. And he is bound by his remission, although he afterwards repent of his indulgence, from his subsequent reflections, or from the persuasion of his friends, or from the influence of what he may call public opinion."

I am aware, that the proof of a remission must be stronger in the case where it is offered to shew such remission on the part of the wife, than on the part of the husband. She is presumed to be under the power of the husband ; and cohabitation may have arisen from coercion. She too may have been *inops consilii ;* and therefore, not in a condition to resent such an injury and assert her rights. In the case before us, however, there is no room for such an objection. It is found, that she went to the prison wherein he was confined, and for aught that appears, without particular solicitation, lodged with him two or three nights, and had sexual intercourse.

It is also a rule, that the party seeking a divorce, must have probable knowledge of the crime committed, when cohabitation is indulged, to lay a foundation for a pardon. Here again, the proof seems very satisfactory. The knowledge need not arise from vision of the fact, nor from the confession of the accused. It is sufficient, that she knew that he had been convicted ; and this the case finds. It was said, by counsel, that she might not have *believed* the fact. On that subject the court cannot speculate. If she did not then believe it, the court can have no evidence that she now believes it ; for there was no proof of any subsequent adultery. She having once remitted the offence, shall not now obtain a dissolution of the marriage on that ground.

*Litchfield,*
June, 1832.

Delliber
*v.*
Delliber.

Let the superior court, therefore, be advised to dismiss the petition.

The other Judges were of the same opinion.

Petition to be dismissed.